Good morning, Your Honor. May it please the Court, Per Olson representing the petitioner, Lennie Davidson. Your Honors, the main point that we've asserted in our brief is that the factual findings of the post-conviction court, the state post-conviction court, are not entitled to the presumption of correctness under 28 U.S.C. 2254 because that court, the state PCR court, did not hear live testimony from the petitioner. And because that court did not hear live testimony from the petitioner, the court was not in a position to make a credibility determination, which was really the key aspect of that claim of ineffective assistance of counsel that petitioner brought in state court. Can I ask you to delineate what the claim of ineffective assistance was? As I read the brief, there seemed to be two claims. One is that defense counsel never told Mr. Davidson that he had a right to a third opinion. That's one of the claims. Okay. And let me ask you about that one. Is there any such right in Oregon law? Not exactly, Your Honor. Is there any showing in this record that he, had he requested a third opinion, he would have gotten one? Well, I think the answer to that question is we never obtained a third opinion. No, but that's not my question. I mean, normally in a Strickland case, what happens is you have a, except in cases of obvious negligence, and I take it that's really your second part of your claim. But as to the first part, what I see is Mr. Davidson said, well, I went to jail over the weekend and somebody said to me, hey, you could have gotten a third opinion. And part of your claim is that defense counsel was negligent in not informing Mr. Davidson that he could have had a third opinion. My experience is all in Arizona, but we were lucky to get one opinion. So my question is, is there any showing that he was likely to have gotten a third opinion? I don't believe that there was a right that he had to a third opinion when there's two competing expert opinions. Okay. So then your ineffective assistance claim must be putting that aside, that you believe that defense counsel didn't properly explain the options to Mr. Davidson before he pleaded guilty. Is that the answer to your claim? Yes, Your Honor, yes. And so, really, it's he did not, and the key thing, I think, is that he did not explain to him that this issue of guilty except for insanity would be decided by a jury. Well, that was the second thing I was going to ask you, so thank you. Is that – is it ineffective assistance? How do we know it's ineffective assistance not to tell that? I understand not to explain the options and not to explain the range of possibilities that are open to the defendant, but what's your authority for the notion that a defendant must be told that this issue is tried to a jury, not a judge? Well, two things. And first of all, I mean, this goes to a very important right that he has, that is, a right to a jury determination. Oh, sure, sure, but it seems to me what we have here is a defendant who has a mistaken belief that he – that this issue is going to be tried to a judge. He's never expressed that to the defense counsel. I'm trying to figure out where the line for strickland ineffectiveness is in not sort of teasing out from your client that he may have an idiosyncratic belief about how an issue is tried. And again, I understand the other issue that he didn't sufficiently explain his options, but I want to focus on this one for a second. Well, it – this is a key option. I mean, this is a key part of it, that the lawyer has a duty to make sure that his client is knowingly and voluntarily and intelligently waiving his right to a jury trial and waiving all of his other constitutional rights by agreeing to this offer that the State has made in waiving that jury trial right. But doesn't the colloquy establish that here? The judge engaged in a pretty standard and looked to me thorough colloquy on that. Again, I'm – I understand and I'm sympathetic to your notion that Mr. Davidson says nobody told me what my options were, but I'm reluctant to conclude that not telling somebody that insanity is tried to the jury rather than the judge is strickland ineffectiveness in the absence of somebody. Some affidavit or something saying that. I'm not even sure that it was that dichotomy that he even understood that it would be tried to the judge mistakenly. I mean, it's not clear what exactly he understood before he had this discussion with this inmate over the weekend. But it's quite clear that what he – he didn't understand two things. He didn't understand this right to a jury trial with regard to the issue of insanity, and he also did not hear from his lawyer. He claimed quite adamantly after the fact. He did not hear that this – his own doctor, Dr. Goldman, had maybe backtracked a little bit on his opinion to say that the case of insanity was marginal. And so he was not – he claimed in the proceedings in the post-conviction court that he was not aware of those things, and therefore he was not fully aware of all that he needed to be aware of in order to make an informed choice to waive his right to a jury trial and to do so. Roberts. Let me ask you one more question, and this is about the facts of the case. If in fact I think defense counsel's name was Mr. Ravio? Yes. If Mr. Ravio testified – if he testified and if your client testified and the finder of fact believed defense counsel, your claim would fail, would it not? If the court believed Mr. Ravio? Yes. With hearing live testimony? Yes. Yes. But that's the problem, Your Honor. No, I understand. I'm trying to – I'm trying to – I'm trying to figure out in terms of relief, then, what do you want? Well, as far as relief goes, I think probably at this point, Your Honor, what we would ask is that the matter be remanded back to the district court with instruction that the court cannot and should not give deference to the factual finding of the PCR court and that a new evidentiary hearing be held before the district court. And that evidentiary hearing would involve, I take it, testimony by your client and testimony by defense counsel? Yes, Your Honor. And if a credibility finding was then made against your client, his claim would fail, would it not? Well, I would have to see exactly – I would have to know what other rulings might be made in that situation, but generally speaking, yes. Okay. I'm just trying to figure out where we are procedurally. Right. Right. No, Your Honor. And, you know, the issue really has been raised is, is this record as it is now, does it clearly establish that Mr. Davidson was not being credible? And I would submit that it does not. And, you know, there's some statements that the State relies on that Mr. Davidson made in his deposition testimony in the PCR proceeding to the effect that Mr. Davidson was not being credible. No one told me anything about what the expert's opinion was. And the State kind of seizes upon that and shows some letters that he wrote to his lawyer to show, well, he clearly was informed of what those opinions were. And I think that we can probably assume that that is the case. But what's not explained and what should have been explained, what could have been explained with live testimony is that what he was really saying there was that he was expressing frustration with the fact that no one told him, number one, that Dr. Goldman had potentially backtracked on his position, and no one told him how this would play out in an actual jury trial. In the PCR court, post-conviction review court in Oregon, I looked at this record. You didn't offer any expert opinion, did you? In the State proceedings? Yes. No. So there was no lawyer that said doing this fell below the standard of care? No. No. But nor was there really any claim that had Mr. Rivio done what Mr. Davidson claimed, that that would still not fall below the standard. And so it was really false. Well, that's why I was trying to isolate the parts of your claim, because it does strike me with respect to telling him that insanity is tried to the jury as opposed to the judge, or that a third opinion might be possible. Those might be ones where expert testimony might be helpful. I'm not explaining the nature of the defense. I understand that claim doesn't require expert testimony. Right. No, Your Honor. What's really key here is that Mr. Davidson was seeking to testify, that he wanted to testify at that hearing. The statements that he had made up to that point were letters to his lawyer written before this plea hearing even occurred. And then there's the deposition testimony, which were all questions, you know, posed by the State attorney. And then there was one letter that he wrote after Mr. Rivio had submitted his affidavit, in which he rebuts the things that Mr. Rivio is talking about. And so I would ask the Court to really focus on that letter in terms of discerning whether there was a factual dispute at all, because there he quite clearly is saying over and over again that Mr. Rivio is not being truthful. And he's saying repeatedly these issues surrounding not being informed of his jury trial right and not being informed of Dr. Goldman's reversal, if in fact that occurred. So I see my time is up now, so I'll leave it at that, unless anyone else has any questions. Thank you, counsel. May it please the Court, Carolyn Alexander for Respondents. First of all, I'd like to point out that the issue is not that Petitioner didn't get an evidentiary hearing in his postconviction proceedings. He did in accordance with Oregon law. Oregon law permits a postconviction court to rely on documentary evidence. But here, the one issue in the case is that he didn't get to testify. Now, the postconviction transcript is ambiguous in that regard, I think. Petitioner repeatedly asked to make a statement that the postconviction court construed as oral argument. But the postconviction court also said two or three times, Petitioner, I'm not going to let you testify. So I think this Court can read that either way. If this Court construes that as a refusal to testify, the Oregon court of appeals in Allen v. Paul Mateer said, well, no, you get the opportunity to testify, that's an error under Oregon law. That's an Oregon law error, but it may not be a Federal law error. The question is, under those circumstances, Oregon may be entitled to have postconviction review proceedings without live testimony, without regard to the case that you cited in your 28-J. But my question is, if it does so, is a Federal court required to give deference to its credibility findings? To be honest, Your Honor, no, I don't think so. Because cases like Nunes v. Mueller, Taylor v. Maddox say, if the fact-finding process is unreasonable, and this Court looks at, did the State court follow State procedures in making that determination, then no, this Court wouldn't necessarily have to give deference to that specific credibility finding. To give an – and I applaud you for this, given your citation of a case that doesn't help your side, what should the State of Oregon do in this case? Should it – should it accede to an evidentiary hearing in the postconviction Oregon review court and therefore get us out of the habeas box, or should we – or do you want us to ask the district court to have an evidentiary hearing? Well, I think it's the latter, Your Honor, to answer your specific question. I think – well, let me put that aside. I mean, as a former State court judge, I'd prefer to put this back in the State system and let – let them do it right, but we can't do that in the absence of issuing some sort of habeas relief. You could agree to it if you wanted to. Exactly so. Exactly so. So I think there's two issues here, Your Honor. There's the issue of what happens to the ineffectiveness claim in this Court on de novo review if the Court were to find the fact-finding process was unreasonable. The second part of that is if this Court concludes that it cannot deny relief on what it would consider an incomplete record because Petitioner didn't testify, then the question becomes, then what do we do? Because you asked, Your Honor, let me answer that latter question first. I agree with Petitioner that it would be a remand to district court, but at that point I think a number of things could happen. Under Taylor v. Maddox, this Court has said if additional fact-finding needs to be made, this Court can't do it. It needs to go back to district court. So there I think that the district court could hold an evidentiary hearing, but there's Cullen v. Pinholster. What do we do with that? And to be honest, I'm not sure the answer to that right now. I think we'd have to discuss what happens in district court. If Petitioner couldn't meet the requirements of Cullen, then perhaps the procedure in Gonzalez v. Wong would be appropriate. In that case, the Court said, well, you know, we're not we're acknowledging Cullen v. Pinholster, but there's a way that we can allow Petitioner to put on evidence when it wasn't his fault that he wasn't allowed to do that in state court, we're going to send that back to state court and do it that way. And then, yes, Your Honor. Shouldn't we just decide that we should send it back to the district court and let it have the first shot at answering all those questions which aren't briefed and involve new cases? I think that's right, Your Honor. I think that's appropriate, where the district court can consider all of those issues and decide the appropriate remedy in a list of possible remedies. And as Judge Hurwitz said, of course, you know, the parties could agree that it's And that's, I guess, this is not a settlement conference, but I guess I'm asking whether or not the machinery works better if you all get together and agree that the appropriate thing is to have a make factual findings in state court, and then we'll all have a full record the way that AEDPA anticipates without Federal courts doing fact-finding. Yes, I think the parties are willing to consider that possibility. I don't have settlement authority. That would be our Deputy Attorney General. But it's certainly something that we would be willing to discuss with Petitioner's attorney. But before we even get there, this court on de novo review can still decide, I think, the constitutional claim, the ineffectiveness claim, on this record. In Exhibit 106. Was that briefed by the parties? Excuse me, Your Honor?  Yes, it was, Your Honor. In the red brief, I discussed what happens on de novo review to the constitutional claim and how that's resolved. So tell me, tell us how we can resolve that, assuming that these facts are in dispute, that Mr. Davidson says, essentially, nobody told me nothing, and Mr. Ruffio says, no, no, I told him everything. How can we resolve that claim if those facts are in dispute? I think the answer to that is in Exhibit 107. That is a hearing on the motion to withdraw Petitioner's plea after that weekend passed. So he pleaded guilty on Friday. He talks to somebody, an inmate in the jail. He comes back on Monday and wants to withdraw his guilty plea. Trial court holds a hearing on that motion to withdraw his plea. And in that transcript, Petitioner essentially raises exactly the same claim he's raising now. Ruffio says, I told him about that. We discussed the insanity defense. We discussed whether he could try it to the court or to a jury. We discussed how likely it was to succeed. The trial court itself said, Petitioner, we had a settlement conference. We talked about this. I advised you you could take this to a jury. You told me it wasn't going to get anywhere because of what the experts were saying. So I think those statements rebut Petitioner's statements now, even assuming he would testify consistently with his claim, that he didn't know what the opinions were, what he could have done until after he pleaded. You're assuming for this purpose that the district judge or whoever would find that the prisoner is credible because he would have a hearing in which he would testify, and then the judge would find him credible. And then on the other side, you'd have the statements that the lawyer made, not under the circumstances, but they're both credible. And if you are to assume for this purpose that the district judge would find, or the state judge would find that the defendant is credible, I don't know how we come to your conclusion. And my answer to that, I think, Your Honor, is just that I think you couldn't make a contrary credibility finding because of the statements that Petitioner made in the post-plea hearing, as well as the statements by the trial court and counsel at that time, before the post-conviction proceeding ever happened. But at the post-plea hearing, did the trial judge make a credibility finding? In other words, I think the standard for withdrawing a plea at that point is rather high. That's right, Your Honor. So a judge could say, I don't care what you're saying. You know, you were here Friday. I asked you the relevant questions, and you answered yes, and we're not going to go back into this. I mean, I'm not sure that that necessarily involves a credibility finding by the judge. No, I agree, Your Honor. It doesn't, and it didn't. In that particular hearing, the trial court didn't make a credibility finding. The judge there just said, but Petitioner, that's not what you told me. That's not what you said in the settlement conference. What you're saying now is contradicted by your prior statements to me before you pleaded guilty. And to the extent that he said, I know that the second opinion wasn't very good and conflicted with the first one, I think he probably can't claim now that he didn't know that. The question is whether or not Mr. Ravio should have told him more, I take it, is the issue. Is the guts of their ineffective assistance a counsel claim? That's right, Your Honor. And I do think that this Court could resolve it on that evidence alone, but I agree if this Court concludes that it can't because of the record, the incomplete record, it should go back to district court. I've got one more question for you. I think it's a simple one. Do you get a third opinion in Oregon court if you want? No. No, I think there's no going for that. I was hoping this was a more enlightened part of the country. Yeah. I think there's no State law or Federal law that would require a third opinion or that counsel is required to seek a third opinion. Thank you, counsel. Thank you. Would you like a minute or two? Just really briefly, Your Honors, if I may, the plea or the post-plea colloquy at the time of his, Mr. Davidson's attempt to withdraw his plea, I'm not recalling the part where the Court said, I told you in chambers that you had a right to a jury trial on this issue. Moreover, I could be proven correct by the transcript itself, but moreover, you know, that wasn't a give and take. That wasn't Mr. Davidson being quizzed or questioned under oath about what exactly he was told in that settlement conference or by his lawyer before he accepted the plea. And so I don't think the Court can go back and look at that and say that that shows irrefutably that he's being incredible later on when he's saying these things about what he was not informed of. And so in some, from Mr. Davidson's perspective, I think the thing to do would be to remand it back to the district court for an evidentiary hearing to determine these credibility issues. Well, meanwhile, you might explore Judge Hurwitz's suggestion and see if there's any further stipulation or agreement that the two parties can come to and let us know within the next week or so what the result is. Thank you both very much. Thank you. The case is just arguably submitted.
judges: Goodwin, Reinhardt, Hurwitz